[Crim. No. 7763.   Second Dist., Div. Three.   July 11, 1961.]

THE PEOPLE, Respondent, v. WILLIAM SPENCER BERRY, Appellant.

William Spencer Berry, in pro. per., for Appellant.

No appearance for Respondent.

THE COURT.—In a nonjury trial in which he was represented by the public defender, William Spencer Berry was convicted of selling, furnishing and giving away to Rubin M. Duron, a minor of the age of 15 years, a narcotic, to wit, marijuana. He made a motion for new trial which was denied, probation was denied and he was sentenced to state prison. He appeals from the judgment in propria persona. He applied for appointment of counsel on the appeal. Being convinced from our study of the record that the appeal has no merit, we denied the application; defendant was given time within which to file a brief; none has been filed.

■ There was evidence of the following facts. At about 8:30 p. m., at the Pacific Electric Station in Compton, Duron was accosted by defendant and engaged in conversation. Defendant offered him a drink from a flask of whiskey which was declined. He then offered him a "Mary Jane" which both understood to be a marijuana cigarette which Duron took. Defendant asked 25 cents for the cigarette; Duron explained he only had 17 or 18 cents which he gave to defendant who took it saying "That's all right. You beat me this time on the price." Duron immediately took the cigarette to a police station where it was examined and found to contain marijuana. Two officers took Duron in the car to the Pacific Electric Station where Duron identified defendant as he was getting on a bus as the person who had sold him the cigarette. Defendant was taken into custody on the bus, was searched and five or six marijuana cigarettes and 16 cents were found in his pocket; also part of a half pint of whiskey. Questioned by the officers at the police station, defendant said he had bought $2.00 worth of marijuana cigarettes and smoked part of one and had given one to the boy but could not remember whether he had received any money for it. On the stand he admitted that the cigarettes had been taken from his pocket by the officers, although he denied that he admitted that they were his.

The evidence of defendant's guilt was overwhelming; he was accorded a fair trial.

The judgment and the order denying the motion for new trial are affirmed.